UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **RONNIE DAVIS, JR.** | * | |
| | * | **CIVIL ACTION NO. 14-3714** |
| **VERSUS** | * | |
| | * | **JUDGE** |
| **FREEDOM WELL SERVICES, LLC** | * | |
| | * | **MAGISTRATE** |
| | / | |

## NOTICE OF REMOVAL

COMES NOW, by and through undersigned counsel, Defendant Kevin Gros Offshore, LLC, without waiving any defenses, and hereby notices the removal of the action captioned *Ronnie Davis, Jr. v. Freedom Well Services, LLC*, No. 2014-07143, pending in the 215th Judicial District Court for Harris County, Texas, to the United States District Court for the Southern District of Texas.

## State Court Suit

1.

On or about February 14, 2014, Plaintiff Ronnie Davis, Jr. filed an original Petition against Freedom Well Services, LLC alleging that he was an employee of Freedom Well Services, LLC and that he was injured aboard an unnamed vessel in navigation in an unspecified manner on or about June 13, 2013. Plaintiff asserted negligence under the Jones Act, 46 U.S.C. §30104 *et seq*.

2.

Thereafter, on or about October 23, 2014, Plaintiff filed a First Amended Petition

and added as defendants: Seacor Marine, LLC, Seacor Liftboats, LLC, Seacor Worldwide, Inc., Seacor Holdings, Inc., and Kevin Gros Offshore, LLC.  Plaintiff reiterated his claims under the Jones Act against all defendants and added a claim for maintenance and cure against Freedom Well Services, LLC.

3.

Kevin Gros Offshore, LLC was served through the Texas Secretary of State by "long arm service."  Service of Process was made on the Texas Secretary of State on or about December 1, 2014 and the pleadings were forwarded to Kevin Gros Offshore, LLC and received on or about December 15, 2014. Thus, this Notice of Removal is timely.  *28 U.S.C. §1446(b).*

4.

Copies of all pleadings received by Kevin Gros Offshore, LLC are attached hereto as Exhibit A and Exhibit B.

5.

Plaintiff has not requested a trial by jury.

**Removal Jurisdiction**

6.

This Honorable Court has original jurisdiction over the admiralty and general maritime claims asserted by Plaintiff. *28 U.S.C. §1333*.  Thus, these claims may be removed from state court. *28 U.S.C. §1441(a).*

7.

This case is removable despite the fact that the First Amended Petition alleges that Ronnie Davis, Jr. was a Jones Act seaman vis-á-vis all defendants.

8.

Plaintiff Ronnie Davis, Jr. was not an employee of Kevin Gros Offshore, LLC. An employer-employee relationship is necessary to maintain an action under the Jones Act against a defendant. *Volykaris v. M/V Isabelle*, 668 F.2d 863 (5th Cir. 1982). Because Plaintiff was not an employee or borrowed employee of Kevin Gros Offshore, LLC, his Jones Act claim is fraudulently pleaded.

9.

At the time of the incident complained of, Plaintiff was transferring by personnel basket to the liftboat M/V SEACOR GALE, owned and operated by Seacor Marine, LLC, Seacor Liftboats, LLC, Seacor Worldwide, Inc., and/ or Seacor Holdings, Inc., from either the vessel M/V RELENTLESS, operated by Kevin Gros Offshore, LLC, or the vessel M/V SEACOR RELENTLESS, owned and operated by Seacor Marine, LLC, Seacor Liftboats, LLC, Seacor Worldwide, Inc., and/ or Seacor Holdings, Inc. The crane moving the personnel basket was attached to the liftboat which was affixed to the sea floor on the Outer Continental Shelf for the purpose of exploring for and producing oil. Further, Plaintiff's injuries as alleged would not have occurred but for his employment with Freedom Well Services, LLC. Therefore, in addition, or in the alternative, this

Honorable Court has original jurisdiction pursuant to 43 U.S.C. §1301 et seq., §1349. *See also Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013).

10.

Because Plaintiffs' claims are otherwise removable despite the Jones Act claim, the entire action may be removed under 28 U.S.C. §1441. After removal, the nonremovable claims, if any, may be severed and remanded to state court. *28 U.S.C. §1441( c)(2).*

**Other Defendants**

11.

Seacor Marine, LLC, Seacor Liftboats, LLC, and Seacor Worldwide, Inc., consent to this removal. *See Exhibit C*.

12.

Seacor Holdings, Inc. has not yet been served.

13.

The consent of Freedom Well Service, Inc. is not required for removal. *28 U.S.C. §1441( c)(2).*

**Venue**

14.

Venue is proper in this Honorable Court given that the underlying state court action is pending in Harris County, a place within this district. *28 U.S.C. §1446(a).*

**Notices**

15.

Written notice of the filing of this Notice of Removal will be provided to all adverse parties and to the Clerk of Court of the 215th Judicial District of Harris County, Texas pursuant to 28 U.S.C. §1446(d). A certified copy of the state court record has been requested to be forwarded to this Court.

16.

Kevin Gros Offshore, LLC respectfully reserves the right to timely supplement this Notice of Removal.

**Prayer for Relief**

WHEREFORE, after due proceedings had, Defendant Kevin Gros Offshore, LLC,, without waiving any defenses, respectfully requests that this Notice of Removal be deemed good and sufficient, and that Civil Action No. 2014-07143 pending in the 215th Judicial District Court for Harris County, and captioned *Ronnie Davis, Jr. v. Freedom Well Services, LLC,* be removed to this Honorable Court.

Respectfully submitted,

/s/ Jill S. Willhoft

_____
RUFUS C. HARRIS, III (La. Bar #6638)
ALFRED J. RUFTY, III (La. Bar #19990)
CINDY GALPIN MARTIN (La. Bar #25159)
JILL S. WILLHOFT (Tex. Bar #24081723)
HARRIS & RUFTY, L.L.C.
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130
Telephone:  (504) 525-7500
Facsimile:   (504) 525-7222
Attorneys for Kevin Gros Offshore, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and forgoing pleading was served on counsel of record by electronic means including the CM/ECF system this 30th day of December, 2014.

/s/ Jill S. Willhoft

_____