2/14/2014 2:10:17 PM
Chris Daniel - District Clerk Harris County
Envelope No. 477603
By: Nelson Cuero

CAUSE NO. _____

| | | |
|---|---|---|
| RONNIE DAVIS, JR. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FREEDOM WELL SERVICES, LLC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

RONNIE DAVIS, JR., Plaintiff, files his Original Petition and Request for Disclosure against

FREEDOM WELL SERVICES, LLC., Defendant.

## DISCOVERY CONTROL PLAN

In accordance with Rule 190.1, Plaintiff intends to conduct discovery under Level 3.

## RULE 194 REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to

disclose within fifty [50] days of this request, the information and material described in Rule 194.2

of the Texas Rules of Civil Procedure.

## PARTIES AND SERVICE

Plaintiff is a resident citizen of the state of Alabama.

Defendant, FREEDOM WELL SERVICES, LLC., is a domestic limited liability company

duly licensed to do business in the state of Texas and does business in the state of Texas for the

purpose of accumulating monetary profit. Defendant may be served with process through its

registered agent for service, John G. Hoffman, 11451 Katy Freeway, Suite 480, Houston, Texas

77079.

## VENUE AND JURISDICTION

Plaintiff would show that venue is proper in Harris County, Texas because Defendant, FREEDOM WELL SERVICES, LLC., has its principal place of business in Harris, County, Texas

Furthermore, Plaintiff specifically invokes his rights under Tex. Civ. Prac. & Rem. Code § 71.031 which is commonly known as the "open forum" provision, and chooses to maintain this action in the state district courts of Texas.

Plaintiff would also show that this court has personal jurisdiction over Defendant. Defendant has had, and continues to have, continuous and systematic contacts with the state of Texas through doing business in Texas. The exercise of personal jurisdiction over Defendant comports with the "traditional notions of fair play and substantial justice." This Court may exercise personal jurisdiction over Defendant consistent with the Texas long-arm statute and the due process clause of Fourteenth Amendment of the United States Constitution.

## PLAINTIFF'S CAUSES OF ACTION

It has become necessary to bring this suit by reason of serious and permanent injuries sustained by Plaintiff, RONNIE DAVIS, JR. on or about June 30, 2013. At the time of the injuries made the basis of this suit, Plaintiff was assigned as a member of a vessel in navigation working in the course and scope of his employment. This suit is, therefore, instituted under and controlled by the terms and provisions of Title 46, United States Code Annotated, Section 30104 and following, commonly referred to as the "Jones Act," incorporating the Federal Employers' Liability Act. Defendant owed Plaintiff the duty to provide a safe place to work. Defendant breached its duty to provide a safe place to work. Defendant's breach caused Plaintiff's injuries and damages. Plaintiff would show that nothing he did, or failed to do, in any way contributed to cause his injuries.

-2-

## PLAINTIFF'S DAMAGES

Plaintiff suffered severe bodily injuries as a result of the incident made the basis of this lawsuit. Plaintiff, therefore, seeks the recovery of the following damages:

1.   Past and future physical pain;

2.   Past and future mental anguish;

3.   Past and future physical impairment;

4.   Past and future physical disfigurement;

5.   Past loss of wages and household services;

6.   Future loss of earning capacity and household services; and

7.   Past and future medical expenses

It is yet to early to ascertain the full extent of the damages sustained by Plaintiff, but they are clearly within the jurisdictional limits of this Court. Although the fact-finder should determine the monetary compensation for Plaintiff's injuries and damages, Plaintiff seeks monetary damages for compensatory losses in an amount over $1,000,000.00, excluding punitive damages.

## RECOVERY OF INTEREST

Plaintiff seeks the recovery of pre-judgment interest, if applicable, and post-judgment interest. Plaintiff, therefore, requests that he recover pre-judgment interest, if applicable, and post-judgment interest as provided by law.

WHEREFORE, RONNIE DAVIS, JR., Plaintiff, prays that the Defendant be cited to appear and answer this lawsuit, that judgment be entered against Defendant, that Plaintiff recover his damages in accordance with the evidence, that Plaintiff recover his costs of court, that Plaintiff recover interest to which he is entitled under the law, and for all other just and equitable relief.

Respectfully submitted,

STEVENSON & MURRAY

By: _____
JOHN W. STEVENSON, JR.
State Bar No. 19196050
JEREMY NEWELL
State Bar No. 24013230
24 Greenway Plaza, Suite 750
Houston, Texas 77046
(713) 622-3223
(713) 622-3224 (FAX)

ATTORNEY FOR PLAINTIFF

-4-